IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS PHELPS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES GENERAL SERVICES AGENCY, et al.,<br><br>    Defendants.<br>_____ / | No. C 07-01055 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Now before the Court is the motion to dismiss filed by defendants United States General Services ("GSA"), Lurita Alexis Doan ("Doan") as administrator of GSA, Michael Wirtz, Robert Drakes, Patricia Roberts, Mary Ghent and Does 1 through 10 (collectively, "Defendants"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff Curtis Phelps has filed a number of complaints in this matter. However, according to counsel's representations at oral argument on the pending motion, the intended operative complaint was filed in connection with counsel's declaration filed in opposition to the motion to dismiss. Therefore, for the sake of clarity, the Court will address Defendants' arguments as they pertain to the First Amended Complaint filed on February 19, 2008. In the future, Plaintiff's counsel is admonished to check all submissions filed before the Court in advance of their filing in order that the administration of cases is orderly and logical. Should

1 there be second amended complaint filed in this matter, Plaintiff shall have only one
2 opportunity to file the correct version of such a complaint.

3 According to the operative First Amended Complaint, Plaintiff alleges that he was
4 employed by GSA since 1988, as an account specialist with the Customer Service Division in
5 the Public Building Service Division, Pacific Rim Region. (First Amended Complaint ¶ 3.)
6 Plaintiff alleges that during his employment, he has "suffered a pattern and practice of racial
7 discrimination and other wrongful acts." (*Id.*) Plaintiff alleges that he began work with the
8 GSA in 1988 and was terminated as a result of refusing to accept a management directed
9 reassignment from Fresno, California to Los Angeles, California. (*Id.* ¶ 7.) After reinstatement,
10 Plaintiff alleges he was subjected to "further discriminatory and retaliatory acts." (*Id.* ¶ 8.)

11 Plaintiff alleges that the further acts included giving him a considerably smaller
12 workstation. (*Id.* ¶¶ 12-14.) In addition, Plaintiff alleges that in January 2005, during a staff
13 meeting, his colleague, Defendant Mary Ghent stroked Plaintiff on his inner thigh. (*Id.* ¶ 16.)
14 Later, in June 2005, Defendant Ghent became Plaintiff's supervisor. (*Id.* ¶ 17.) Thereafter,
15 Plaintiff alleges that there were inappropriate letters outlining Plaintiff's poor performance,
16 which were without merit, he was denied an opportunity to attend a certification training in Los
17 Angeles, his poor performance reviews were unmerited, he was faced with excessive scrutiny in
18 the office, was improperly charged with being absent without leave a number of times, and that
19 he was denied a within-grade increase on March 8, 2006 based on poor performance ratings.
20 (*Id.* ¶ 18(a)-(l).)

21 Based on these allegations, Plaintiff asserts the following claims: (1) race discrimination
22 in violation of 42 U.S.C. § 2000 *et seq.* ("Title VII") against Defendants Doan and GSA; (2) age
23 discrimination in violation of California Fair Housing and Employment Act, California
24 Government Code §§ 12900, *et seq*. ("FEHA") against Defendants Doan and GSA; (3) failure
25 to maintain environment free from harassment in violation of FEHA against all defendants; (4)
26 retaliation in violation of FEHA against all defendants; (5) failure to promote in violation of
27 Title VII against Defendants Doan and GSA; (6) failure to promote in violation of
28

Title VII against Defendants Doan and GSA (identical to claim five); (7) breach of implied contract against Defendant Doan and GSA; (8) breach of implied covenant of good faith and fair dealing against Defendant Doan and GSA; (9) defamation-slander against all defendants; (10) sexual harassment in violation of FEHA against Defendant Ghent; (11) battery against Defendant Ghent; and (12) intentional infliction of emotional distress against all defendants.

Defendants now move to dismiss all of Plaintiff's claims on the basis that: (1) the state law and common law claims are precluded because Title VII is the exclusive remedy for claims of discrimination arising out of federal employment; (2) Plaintiff has not alleged that he has exhausted his administrative remedies; (3) claim five (and, presumably, the identical claim six) does not state a claim upon which relief can be granted; and (4) there was insufficient service of process against the individual defendants.

**ANALYSIS**

**A.     Legal Standards Applicable to Motions to Dismiss.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**B.     Defendants' Motion to Dismiss.**

Defendants move to dismiss all of Plaintiff's claims. The Court will address each argument in turn.

**1.     Title VII is Exclusive Remedy for All Claims Except Claims Against Ghent.**

First, Defendants contend that the Court should dismiss Plaintiff's state law and common law claims because Title VII is the exclusive remedy for claims of discrimination arising out of federal employment. *See Brown v. GSA*, 425 U.S. 820, 829 (1976) (stating that

3

Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination"); *Scott v. Perry*, 569 F.2d 1064, 1065 (9th Cir. 1978) (same). Title VII is the exclusive remedy for all acts of discrimination by the federal government, whether the alleged discrimination is based on race, religion, sex, national origin, or retaliation. However, Title VII does not preclude separate remedies for unconstitutional acts or for "highly personal violation[s] beyond the meaning of 'discrimination.'" *Otto v. Heckler*, 781 F.2d 754, 757 (9th Cir. 1986) (citing *Stewart v. Thomas*, 538 F. Supp. 891, 896 (D.D.C. 1982)); *see also Brock v. united States*, 64 F.3d 1421, 1423 (9th Cir. 1995) (concluding that plaintiff's rape and sexual assault claims were highly personal and, therefore, that Title VII was not the plaintiff's exclusive remedy).

As currently drafted, the complaint sets forth the same underlying facts for the discrimination claims under Title VII and for the common law and state law claims for age discrimination (claim two),[1] failure to maintain an environment free from harassment (claim three), retaliation (claim four), breach of implied contract (claim seven), breach of the implied covenant of good faith and fair dealing (claim eight), defamation-slander (claim nine) and intentional infliction of emotional distress (claim twelve). Therefore, as to those claims, the exclusive remedy is Title VII and the common law and state law claims are precluded.

However, to the extent that Plaintiff alleges sexual harassment with regard to Defendant Ghent in violation of FEHA (claim ten), battery (claim eleven) and intentional infliction of emotional distress (claim twelve), those claims may not be precluded by Title VII. For those claims based on acts "manifestly beyond [the supervisor's] line of duty," or "beyond the outer perimeter of [her] authority," immunity is lost. *Otto*, 781 F.2d at 758. To ascertain whether the alleged touching by Defendant Ghent were actions within or beyond the perimeter of her authority "requires resolution of questions of fact 'which cannot be resolved at the pleading stage.'" *Id.* (citing *Miller v. De Laune*, 602 F.2d 198, 199 (9th Cir. 1979)). The Court cannot find, as a matter of law, that the allegations of unwanted sexual touching are within the

---

[1] Plaintiff makes no claim for age discrimination under Title VII and alleges no facts whatsoever tending to demonstrate discrimination based on age.

1 perimeter of Defendants Ghent's authority.  Therefore, the Court does not dismiss the state law
2 claims sounding in tort as against Defendant Ghent (counts ten, eleven and twelve, only as to
3 Defendant Ghent).  However, all common law and state law claims as against the other
4 defendants (counts two, three, four, seven, eight, nine and twelve) are dismissed without leave
5 to amend as Title VII provides the exclusive remedy for discrimination in federal employment
6 and there is no allegation in the complaint as against the other defendants to warrant an
7 exception to the preemptive effect of Title VII in this context.

**2.     Plaintiff Has Not Alleged Exhaustion of Administrative Remedies.**

Prior to filing a complaint in federal court for employment discrimination against an agency of the United States, a plaintiff must first exhaust his administrative remedies.  *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (finding that a plaintiff's lawsuit must be limited to claim that were within the scope, or reasonably like those within the scope, of an EEOC investigation and subsequent decision.).  In this case, although Plaintiff's counsel claims that Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in his opposition to the motion to dismiss, there is no such allegation in the complaint.  Further, there is no allegation in the complaint regarding scope of the EEOC complaint or the timing of Plaintiff's receipt of a right to sue letter.  Therefore, on this basis, the Court dismisses the remaining claims federal claims (counts one and five/six) with leave to amend to allege the specific factual predicate demonstrating that Plaintiff indeed exhausted his administrative remedies prior to filing his claim in federal court.

**3.     Identical Claims Five and Six Fail to State a Claim Upon Which Relief Can Be Granted.**

First, the Court has reviewed the First Amended Complaint and finds that counts five and six are identical.  To the extent Plaintiff wishes to file a second amended complaint following this order, such a complaint shall not have duplicative claims.

Second, the failure to promote claim fails to state a cause of action because Plaintiff has failed to identify what job position he applied for or was otherwise qualified for, to which Defendants failed to promote him.  Further, Plaintiff has not alleged any direct or circumstantial

5

1 evidence of discriminatory intent. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640
2 (9th Cir. 2003). Plaintiff also fails to allege facts tending to show that other employees with
3 similar qualifications to his own were treated more favorably with regard to the job position he
4 sought. *See id.* Plaintiff has failed to allege facts sufficient to make out a claim for failure to
5 promote in violation of Title VII. The Court dismisses counts five/six with leave to amend to
6 allege sufficient facts to state a claim upon which relief can be granted.

**4.  Sufficiency of Service of Process.**

Although the state of service remains unclear to the Court, to the extent Plaintiff elects to file a second amended complaint in accordance with the terms of this Order, Plaintiff is hereby ordered to serve Defendant Ghent, the sole remaining individual defendant, with proper service pursuant to Federal Rule of Civil Procedure 4.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. However, the Court HEREBY provides Plaintiff leave to amend to allege a factual basis for the dismissed claims. Plaintiff shall file an amended complaint, if any, by October 17, 2008. Defendants shall have twenty days thereafter to file their responsive pleading. The Court HEREBY VACATES the further case management conference set for November 7, 2008 at 1:30 p.m. and shall, if necessary, reset it by subsequent order.

**IT IS SO ORDERED.**

Dated:  September 17, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE