IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CURTIS PHELPS,

    Plaintiff,

v.

UNITED STATES GENERAL SERVICES AGENCY, et al.,

    Defendants.

                           /

No. C 07-01055 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Now before the Court is the motion to dismiss filed by defendants United States General Services ("GSA"), Lurita Alexis Doan ("Doan") as administrator of GSA, Dr. Michael Wirtz, Robert Drakes, Patricia Roberts, Mary Ghent and Does 1 through 10 (collectively, "Defendants"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Defendants' motion to dismiss.

**BACKGROUND**

After an order granting in part and denying in part Defendants' motion to dismiss the First Amended Complaint, Plaintiff filed a Second Amended Complaint. In it, he alleges that he was employed by GSA since 1988, as an account specialist with the Customer Service Division in the Public Building Service Division, Pacific Rim Region. (Second Amended Complaint ¶ 3.) Plaintiff alleges that during his employment, he has "suffered a pattern and practice of racial discrimination and other wrongful acts." (*Id.*) Plaintiff alleges that he began work with the GSA in 1988 and was terminated as a result of refusing to accept a management-directed reassignment from Fresno, California to Los Angeles, California. (*Id.* ¶ 7.) After reinstatement,

Plaintiff alleges he was subjected to "further discriminatory and retaliatory acts." (*Id.* ¶ 8.)

Plaintiff alleges that the further acts included giving him a considerably smaller workstation. (*Id.* ¶¶ 12-14.) In addition, Plaintiff alleges that in January 2005, during a staff meeting, his colleague, Defendant Mary Ghent stroked Plaintiff on his inner thigh. (*Id.* ¶ 16.) Later, in June 2005, Defendant Ghent became Plaintiff's supervisor. (*Id.* ¶ 17.) Thereafter, Plaintiff alleges that there were inappropriate letters outlining Plaintiff's poor performance, which were without merit, he was denied an opportunity to attend a certification training in Los Angeles, his poor performance reviews were unmerited, he was faced with excessive scrutiny in the office, was improperly charged with being absent without leave a number of times, and that he was denied a within-grade increase on March 8, 2006 based on poor performance ratings. (*Id.* ¶ 18(a)-(l).)

Based on these allegations, Plaintiff asserts the following claims: (1) race discrimination in violation of 42 U.S.C. § 2000 *et seq.* ("Title VII") against Defendants Doan and GSA; (2) age discrimination in violation Title VII against Defendants Doan and GSA; (3) failure to maintain environment free from harassment in violation of Title VII against all defendants; (4) retaliation in violation of Title VII against all defendants; (5) failure to promote in violation of Title VII against Defendants Doan and GSA; and (6) intentional infliction of emotional distress against all defendants.

Defendants now move to dismiss all of Plaintiff's claims on the basis that: (1) claim five for failure to promote does not state a claim upon which relief can be granted; (2) claims two, three and four are improperly-added new claims, do not conform to the amendment allowed by the Court, and fail to state a claim upon which relief can be granted; (3) Plaintiff has inappropriately named individual defendants other than Mary Ghent; (4) Plaintiff has still not adequately alleged exhaustion of his administrative remedies; and (5) there was insufficient service of process.

The Court shall refer to additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.     Legal Standards Applicable to Motions to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief."  *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (citations omitted).  In addition, the pleading must not merely allege conduct that is conceivable, but it must also be plausible.  *Id.* at 1974.

**B.     Defendants' Motion to Dismiss.**

Defendants move to dismiss all of Plaintiff's claims.  The Court will address each argument in turn.

### 1.     Claim Five for Failure to Promote Fails to State a Claim.

Claim five for failure to promote still fails to state a cause of action because Plaintiff has failed to identify what job position he applied for or was otherwise qualified for, to which Defendants failed to promote him.  Further, Plaintiff has not alleged any direct or circumstantial evidence of discriminatory intent.  *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003).  Plaintiff also fails to allege facts tending to show that other employees with similar qualifications to his own were treated more favorably with regard to the job position he sought.  *See id.*  Plaintiff has failed to allege facts sufficient to make out a claim for failure to promote in violation of Title VII.  Comparing the first and second amended complaints in this

1 matter, the only changes to this claim are that Plaintiff deleted the sentence about Plaintiff
2 rejecting Ghent's sexual advances and added the sentence:  "Subsequently, he is under a
3 tremendous amount of stress and anxiety because both his immediate supervisors
4 misrepresented their actions in this matter."  (Second Amended Complaint at ¶¶ 16, 18(c).)
5 Neither of these changes provide factual support for the failure to promote claim.  Plaintiff's
6 conclusory statement that GSA "failed to promote him in violation of 42 U.S.C. § 2000 *et seq.*
7 despite Plaintiff's substantial experience and qualifications" does not provide any factual basis
8 for the claim whatsover.  (*See id*. at ¶ 45.)

Taking into consideration that the Court, in it previous order, advised Plaintiff to allege facts to support the necessary elements of this claim and Plaintiff's concession that he has no further facts to allege in support of a prima facie case, the Court dismisses count five with prejudice for failure to allege sufficient facts to state a claim upon which relief can be granted.

### 2. Claims Two Through Four Are New and Fail to State a Claim.

Defendants contend that the claims two through four are new and fail to conform to the Court's previous order permitting only amendment of previously-pled claims.  Although the Court agrees that these causes of action, now claims under federal and not state law, are new, if Plaintiff had moved for leave to amend, the Court would have granted the motion under the lenient standard of Federal Rule of Civil Procedure 15(a).[1]

However, the claims suffer for various other reasons, entitling Plaintiff leave to amend to rephrase the claims in order to state a claim upon which relief may be granted.  As an initial matter, the only proper defendant under Title VII is the head of the agency in which the alleged discriminatory acts occurred.  *See* 42 U.S.C. § 2000e-16(c); *White v. General Services Administration*, 652 F.2d 913, 916 n.4 (9th Cir. 1981) ("Title VII provides that actions based upon federal employment discrimination are to be brought against the director of the agency

---

[1] Plaintiff contends that his participation in mediation interfered with his ability to move for leave to file an amendment.  The Court is not convinced that the procedural posture of this case differs in any significant way from any other in that the parties participated in court-sponsored mediation, but were not successful in resolving the matter.  However, for the sake of resolving the case on its merits, where possible, the Court deems it appropriate to allow Plaintiff one final chance to amend his complaint to conform to the Court's orders.

4

concerned.") The current head of the GSA is Jim Williams, not Lurita Doan. In addition, claims three and four add other, improper defendants who are hereby dismissed without leave.

In addition, in his first claim for race discrimination in violation of Title VII, Plaintiff fails to state facts sufficient to demonstrate race discrimination. Plaintiff fails to set out the facts indicating what promotion he did not receive on account of his race, fails to allege any facts demonstrating direct or circumstantial evidence of discriminatory intent, fails to allege that other employees with similar qualifications were treated more favorably with regard to the job position he sought, work assignments, and the terms and conditions of his employment. *See Vasquez*, 349 F.3d at 640. The only factual predicate for discrimination currently alleged in the Second Amended Complaint concerns a delay in the processing of Plaintiff's request to attend a certification training, whereas a white co-worker's request to attend similar training was granted. (*See* Second Amended Complaint at ¶ 18(c).) The Court therefore dismisses claim one for race discrimination for failure to state a claim with leave to amend. Should Plaintiff fail to allege additional facts tending to support his claim in the Third Amended Complaint, the Court shall be compelled to restrict the claim for race discrimination to Plaintiff's request for certification training only.

Plaintiff's second claim for age discrimination under Title VII fails to state a claim upon which relief can be granted because Title VII does not prohibit discrimination based upon age. *See* 42 U.S.C. § 2000e-2(a)(1). In addition, the complaint as drafted sets forth no additional facts to support an age discrimination claim. Therefore, the Court dismisses the second claim for age discrimination with leave to amend for failure to state a claim upon which relief can be granted.

Plaintiff's third claim for failure to maintain an environment free from harassment fails to state a claim upon which relief can be granted because the alleged harassment is by a co-worker and there is no allegation that Plaintiff informed the GSA of the fact that his co-worker or that he was being harassed in any other way. A "hostile work environment claim involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job performance of those harassed." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir.

2000).  The third cause of action, as currently drafted, makes confusing references to alleged discriminatory practices against female employees, discrimination in the selection and termination of employees, violations of the California Fair Employment and Housing Act, the unfitness of a decision-maker and discrimination by "the department."  These references are completely unclear and bear no relation to the claims by this Plaintiff.  Again, the third cause of action is therefore dismissed, with leave to amend to state a cause of action.  If Plaintiff again fails to state a claim for failure to maintain an environment free from harassment, the Court will dismiss the claim with prejudice.

Plaintiff's fourth claim for retaliation in violation of Title VII fails to state a claim upon which relief can be granted because Plaintiff fails to allege that he engaged in a protected activity, such as making a charge, testifying, or participating in any manner in an investigation, proceeding or hearing.  *See* 42 U.S.C. § 2000e-3(a).  Plaintiff merely alleges that he "reported unlawful conduct to superiors" and "complained on numerous occasions alleged herein that Plaintiff was being harassed on the basis of race, national origin, religion, and age and denies [*sic*] promotional opportunities."  (Second Amended Complaint at ¶ 40.)  Again, the fourth cause of action is therefore dismissed, with leave to amend to state a cause of action.  If Plaintiff again fails to state a claim for retaliation in violation of Title VII, the Court will dismiss the claim with prejudice.

**3.  Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails.**

The Court has already ordered that the only defendant who can be sued for intentional infliction of emotional distress for whom Title VII is not the exclusive remedy is the individual defendant Mary Ghent.  On this basis, the Court dismisses the sixth claim for relief as against all defendants with the exception of Ghent.  In this case, however, because the Attorney General has certified that Ghent was acting within the scope of her employment at the time of the incident giving rise to Plaintiff's claim of intentional infliction of emotional distress, Plaintiff's exclusive remedy is under the Federal Torts Claims Act and it is clear that Plaintiff has not exhausted his administrative remedies to pursue such a claim.  Therefore, the sixth claim for intentional infliction of emotional distress is dismissed with prejudice.

6

### 4. **Plaintiff Has Still Not Alleged Exhaustion of Administrative Remedies.**

Prior to filing a complaint in federal court for employment discrimination against an agency of the United States, a plaintiff must first exhaust his administrative remedies. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (finding that a plaintiff's lawsuit must be limited to claims that were within the scope, or reasonably like those within the scope, of an EEOC investigation and subsequent decision). In this case, although Plaintiff's counsel claims that Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and receipt of a final agency decision on December 21, 2006, there is no allegation in the complaint regarding scope of the EEO complaint. On this basis, the Court dismisses the remaining claims federal claims (counts one through five) with leave to amend to allege the specific factual predicate demonstrating that Plaintiff indeed exhausted his administrative remedies prior to filing his claims in federal court.

### 5. **Sufficiency of Service of Process.**

Although the state of service still remains unclear to the Court, to the extent Plaintiff elects to file a third amended complaint in accordance with the terms of this Order, Plaintiff is hereby ordered to serve individual defendant Ghent, the sole potentially remaining individual defendant, with proper service pursuant to Federal Rule of Civil Procedure 4 with proof of such service within two court days of \service.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the Second Amended Complaint. However, the Court HEREBY provides Plaintiff leave to amend to allege a factual basis for the dismissed claims for which leave has been granted (claims one, three and four). Plaintiff shall file an amended complaint, if any, by January 30, 2009. Defendants shall have twenty days thereafter to file their responsive pleading.

**IT IS SO ORDERED.**

Dated: January 20, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7