IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CURTIS PHELPS,

    Plaintiff,

v.

UNITED STATES GENERAL SERVICES AGENCY,

    Defendant.

No. C 07-01055 JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the motion for summary judgment filed by Defendant United States General Services Agency ("Defendant" or "GSA"). The Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for April 30, 2010. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' arguments, the relevant legal authority, the Court hereby GRANTS Defendant's motion for summary judgment.

## BACKGROUND

Plaintiff brings suit against Defendant alleging discrimination based on race and national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1)(2); retaliation in violation of 42 U.S.C. §§ 2000e-3(a); and age discrimination in violation of the ADEA, 29 U.S.C. § 621 *et seq.*

Plaintiff, an African American man, now aged 65, was employed by Defendant GSA beginning in November of 1972. His claims here involve eight allegedly discriminatory and retaliatory acts that took place after Plaintiff began to work as an account manager in GSA's

1 Customer Service Division in San Francisco in October of 2003. Defendant has moved for
2 summary judgment on the grounds that Plaintiff fails to establish a prima facie case of race or
3 age discrimination or retaliation and, even assuming he had, Defendant has stated legitimate and
4 nondiscriminatory reasons for each of the challenged events and Plaintiff fails demonstrate that
5 Defendant's proffered reasons for the employment decisions were pretext for another,
6 discriminatory motive.

The Court will address the additional specific facts as required in the analysis.

## ANALYSIS

**A.     Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.

2

1  2000). Once the moving party meets its initial burden, the non-moving party must go beyond
2  the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine
3  issue for trial." Fed. R. Civ. P. 56(e).
4   In order to make this showing, the non-moving party must "identify with reasonable
5  particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,
6  1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact
7  must take care adequately to point a court to the evidence precluding summary judgment
8  because a court is "'not required to comb the record to find some reason to deny a motion for
9  summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th
10 Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418
11 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary
12 judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.  Plaintiff's Claim for Race Discrimination Does Not Survive Summary Judgment.**

Plaintiff brings his first claim for race and national origin discrimination and contends that Defendant discriminated against him based on Plaintiff's membership in a protected class. In order to make a claim for discrimination, Plaintiff must establish that he suffered an adverse employment action that was motivated by intentional discriminatory animus. *See, e.g., Guz v. Bechtel National, Inc*., 24 Cal.4th 317, 353-58 (2000). The proper legal framework for determining whether Plaintiff's claim should survive summary judgment is the familiar burden-shifting scheme set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

First, Plaintiff must establish a prima facie case of discrimination. *See id.*; *Guz,* 24 Cal. 4th at 351-54. Whether Plaintiff can meet his burden to establish a prima facie case of discrimination is a matter of law to be determined by the court. *Caldwell v. Paramount Unified School District*, 41 Cal. App. 4th 189, 201 (1995). If Plaintiff establishes a prima facie case, the burden then shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. Then, in order to prevail, Plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision was a pretext for another, discriminatory motive. *See Guz*, 24 Cal. 4th at 351-54; *see also Villiarimo v. Aloha Island Air, Inc*., 281 F.3d

3

1054, 1061 (9th Cir. 2002). Plaintiff may establish a prima facie case of discrimination by demonstrating that (1) he belongs to a statutorily protected class; (2) he applied for and was qualified for an available position; (3) he suffered an adverse employment decision; and (4) similarly situated individuals not in the protected class were treated more favorably. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506 (1993).

If Plaintiff succeeds in establishing a prima facie case, the burden of production then shifts to Defendant to articulate a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. *See McDonnell Douglas*, 411 U.S. at 802. If Defendant does so, Plaintiff must demonstrate that Defendant's articulated reason is a pretext for unlawful discrimination by "'either directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). Plaintiff's evidence must be both specific and substantial to overcome the legitimate reasons set forth by the employer. *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002).[1]

### 1. Prima Facie Case.

At summary judgment, the degree of proof necessary to establish a prima facie case is "minimal and does not even need to rise to the level of a preponderance of the evidence." *Lyons v. England,* 307 F.3d 1092, 1112 (9th Cir. 2002) (quoting *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir. 1994)). Although the burden for establishing a prima facie case is an easy one to satisfy, Plaintiff has failed to do so. Although Plaintiff's race makes him a member

---

[1] It is unclear whether Plaintiff intended to pursue a perfunctory allegation in the complaint that he was subjected to a hostile work environment. (*See* SAC at ¶ 50.) However, Plaintiff failed to address any potential claim for hostile work environment in his opposition to the pending motion for summary judgment, thus apparently abandoning it. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."); *see also Foster v. City of Fresno*, 392 F. Supp. 2d 1140, 1147 n.7 (E.D. Cal. 2005) ("[F]ailure of a party to address a claim in an opposition to a motion for summary judgement may constitute a waiver of that claim.") (citing *Abogados v. A T & T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000)).

4

of a protected class, several acts he complains of do not qualify as adverse employment actions, Plaintiff fails to demonstrate that he was otherwise qualified for some of the employment activities, and he does not demonstrate that other, similarly situated individuals not in the protected class were treated more favorably.

### a. Plaintiff has failed to demonstrate that many of the acts complained of qualify as adverse employment actions.

As alleged in his second amended complaint, Plaintiff alleges that he was subjected to conduct at work he contends was motivated by race or national origin discrimination.[2] However, it is clear from the record that many of these alleged acts of discrimination did not amount to an adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) ("Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion."); *see also Strother v. Southern Cal. Permanente Medical Group*, 79 F.3d 859, 869 (9th Cir. 1996) ("Not every employment decision amounts to an adverse employment action.")

First, Plaintiff complains of excessive monitoring and scrutiny in his workplace. (Declaration of Edward A. Olson ("Olson Decl."), Ex. A (Phelps Depo. at 89-93); Declaration of Curtis Phelps ("Phelps Decl.") at ¶¶ 4-7.) Plaintiff contends that, upon his transfer to the San Francisco office, he was given a small and open cubicle and was excessively watched by other employees. There is no legal authority to support the conclusion that Plaintiff's perception of others watching him amounted to an adverse employment action by Defendant.

Second, Plaintiff contends that when he requested to attend a training in Los Angeles, his request was excessively scrutinized by his superiors. (Declaration of Patricia Roberts

---

[2] It is curious to note that the complaint alleges that the underlying conduct Plaintiff contends was motivated by racial animus in his first cause of action for race discrimination is precisely the same conduct he contends was motivated both by his protected activities in his second cause of action for retaliation and by his age in his third cause of action for age discrimination. There is no distinction made in the complaint amongst conduct motivated by race discrimination, retaliation, or age discrimination. Furthermore, as Plaintiff appears to allege, without much foundation, that the original conduct which precipitated his misfortune with his employer was motivated by sexual misconduct, the Court notes the lack of any cause of action for sex discrimination.

5

("Roberts Decl."), Ex. B.) However, within 24 hours of making the request, it was granted, so there is no basis for the assertion that his supervisors' questions about the seminar amounts to an adverse employment action. (Declaration of Mary Ghent ("Ghent Decl.") at ¶ 13.)

Third, Plaintiff complains that he was unfairly issued a Letter of Counseling, informing him of his alleged abusive and threatening conduct toward his supervisors as a result of his feeling that his request for training was met with heightened scrutiny. (Roberts Decl. at ¶ 20, Ex. F.) However, the record indicates that the letter was not placed in his personnel file, did not affect his pay, and did not materially change the terms and conditions of his employment. The letter merely indicated his supervisors' opinions that Plaintiff's conduct was unacceptable. This incident does not amount to an adverse employment action.

Fourth, Plaintiff complains that his receipt of a memorandum indicating areas in which his work performance was deficient was an adverse employment action. (Roberts Decl. at ¶ 21, Ex. G.) However, the memorandum only put Plaintiff on notice of areas for improvement prior to his formal performance evaluation and does not constitute an adverse employment action.

However, Plaintiff's other allegations regarding Defendant's conduct (the formal performance evaluations, charging Plaintiff with absence without leave for disputed sick days, and denial of a within-grade increase) may amount to adverse employment actions. Therefore, the Court will evaluate the other required elements for stating a prima facie case of race or national origin discrimination.

        **b.**      **Plaintiff has failed to demonstrate that he was otherwise qualified.**

Plaintiff fails to prove that he was performing according to his employer's legitimate expectations of him. However, his poor performance reviews are part of the basis for Plaintiff's allegations of discrimination, so the Court will not adjudicate whether Plaintiff has made out a prima facie case on this basis.

        **c.**      **Plaintiff has failed to demonstrate that other employees outside his protected class were treated more favorably.**

Plaintiff has failed to raise a dispute of fact regarding whether other employees with similar qualifications but outside of his protected class were treated more favorably. *See Texas*

*Dep't of Community Affairs*, 450 U.S. at 258 (holding that the plaintiff bears the burden of showing that similarly situated co-workers were treated differently). In this regard, Plaintiff only makes the unsupported allegation throughout his complaint that other, similarly situated employees were not given counseling letters or were not questioned on their training requests, were not subject to excessive scrutiny, and were not denied their requests for sick leave. (SAC at ¶¶ 37, 39, 42, 45.) In his opposition to the pending motion for summary judgment, Plaintiff contends, without any supporting evidence, that numerous other employees were not subjected to the same conduct as he was. (*See* Opp. Br. at 12-13.)

However, there is no evidence in the record indicating who these people are, what their job duties were in, what qualifications they possessed, what division they worked in, whether or not they are members of Plaintiff's protected class, or how they are similarly situated. *See Vasquez v. City of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct.")

Because there is no evidence that other, similarly situated individuals were treated more favorably based upon their race or national origin, the Court finds that Plaintiff has not met his burden to demonstrate the existence of a prima facie case of race discrimination based on this factor. Therefore, summary judgment on Plaintiff's claim is properly granted.

However, even assuming *arguendo* that Plaintiff had established a prima facie case of race discrimination, summary judgment is still warranted because Defendant has asserted a legitimate, nondiscriminatory reason for their treatment of Plaintiff, and Plaintiff has failed to demonstrate the reason is merely pretextual.

**2.     Defendant Has Demonstrated Legitimate Business Reasons for Conduct.**

Even if Plaintiff could successfully establish a prima facie case of race discrimination, the undisputed facts demonstrate that Defendant had legitimate business reasons for each of its alleged acts.

First, upon his transfer to the San Francisco office, Plaintiff was temporarily provided with a work station rather than an office because there were no offices available. (Declaration

7

1 of Robert Drakes ("Drakes Decl.") at ¶ 6.)  Plaintiff's allegations about being monitored are
2 both unsubstantiated and do not form the basis of an adverse employment action.
3        Second, Plaintiff's request to attend a seminar requiring travel was granted within 24
4 hours of the request, the questions regarding whether the training was necessary were entirely
5 reasonable, and Defendant's scrutiny of the request, to the extent there was any, does not
6 amount to an adverse employment action.  (Roberts Decl. at ¶¶ 13-19, Exs. B-E; Ghent Decl. at
7 ¶ 13.)
8        Third, Plaintiff received a Letter of Counseling as a result of his becoming
9 argumentative during a conversation about his request to attend the training.  (Roberts Decl. at ¶
10 20, Ex. F.)  The evidence in the record demonstrates that the letter was issued as a result of
11 Plaintiff's conduct and further, the letter does not constitute an adverse employment action.
12        Fourth, Plaintiff received a memorandum regarding areas in which his work
13 performance was deficient because his superior had observed a significant drop in Plaintiff's
14 work performance between March and August of 2005.  (Roberts Decl. at ¶ 21, Ex. G.)
15        Fifth, the record indicates that Plaintiff received a poor performance review because of
16 the quality and quantity of his work.  (*Id.* at ¶¶ 22-27; Ghent Decl. at ¶¶ 20-24.)  There is
17 evidence in the record indicating that Plaintiff's superiors were concerned about Plaintiff's lack
18 of diligence regarding meeting with his clients and advocating on their behalf.  (Roberts Decl.
19 at ¶¶ 10-12, Exs. H, O; Ghent Decl. at ¶ 7.)
20        Sixth, although Plaintiff alleges that his absences from work should have been permitted
21 as sick leave, the record indicates that Plaintiff failed to provide sufficient medical
22 documentation that he was unable to perform the functions of his job due to stress and anxiety.
23 There is certainly no evidence to support the notion that Plaintiff's sick leave request was
24 denied as a result of his race or national origin.  Rather, the evidence establishes that
25 Defendant's medical documentation was insufficient and failed to demonstrate Plaintiff was
26 incapacitated from performing his work duties.  (Roberts Decl. at ¶¶ 28-36, 39-45, Exs. I-N.)
27
28

8

1    Lastly, the evidence demonstrates that Defendant's denial of Plaintiff's within-grade
2  increase was based exclusively on his low level performance rating, even once the rating period
3  was extended. (Roberts Decl. at ¶¶ 37-38, Exs. H, O.)
4    The articulated reasons for Defendant's conduct toward Plaintiff were based on the
5  application of objective, lawful criteria and were not related to Plaintiff's race or national
6  origin.

### 3. Plaintiff Fails to Raise an Issue of Disputed Fact Regarding Pretext.

8    Because Defendant presents evidence demonstrating a legitimate nondiscriminatory
9  reason for its conduct, Plaintiff bears the burden of demonstrating that Defendant's articulated
10 reasons are pretextual. *See McDonnell Douglas*, 411 US. at 1124. Plaintiff may do so "either
11 [1] directly by persuading the court that a discriminatory reason more likely motivated the
12 employer or [2] indirectly by showing that the employer's proffered explanation is unworthy of
13 credence." *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1437 (9th Cir. 1990) (internal cites
14 and quotations omitted).

15   Plaintiff fails to refute Defendant's legitimate non-discriminatory reasons for its conduct
16 and himself admits that he has no direct evidence that a discriminatory reason motivated his
17 employer. (*See, e.g.*, Olson Decl., Ex. B (Phelps Depo. at 263-64).)[3]

18   There is no evidence of a causal relationship between Plaintiff's race or national origin
19 and the treatment he received while working with Defendant. To the extent Plaintiff contends
20 that his treatment was due to his rejection of his supervisor's sexual advances, he does not make
21 a claim for sex discrimination. There is simply no causal connection between Plaintiff's race or
22 national origin and the conduct he complains of.

---

[3] In his opposition to the motion, Plaintiff obliquely alludes to a remark made in 1977 that is not contained in the third amended complaint, in which a manager indicated that he believed Plaintiff got a prior assignment with GSA not because he was qualified but because he was African American. (Opp. Br. at 2; Drakes Decl. at ¶ 13.) Although this comment is not part of the current matter, the Court finds that it constituted a mere stray remark. *See Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005) (holding that stray remarks not acted upon or communicated to a decision maker are insufficient to establish pretext); *see also Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438-39 (9th Cir. 1990) (same).

9

1          Therefore, the Court finds that Plaintiff has failed to set forth any direct or indirect
2   evidence to persuade the Court that a discriminatory reason more likely motivated his employer
3   or any indirect evidence tending to demonstrate that his employer's proffered explanation is
4   unworthy of credence. *See Merrick,* 892 F.2d at 1437.  Having failed to raise a disputed fact
5   demonstrating that Defendant's articulated reason for its conduct is pretextual, either directly or
6   indirectly, the Court grants summary judgment on Plaintiff's first cause of action for race and
7   national origin discrimination.

**C.     Plaintiff's Claim for Retaliation Does Not Survive Summary Judgment.**

9          In his second cause of action, Plaintiff alleges a cause of action for retaliation.  Similar
10  to elements of establishing discrimination, the elements of a retaliation claim "require that (1)
11  the plaintiff establish a prima facie case of retaliation, (2) the defendant articulate a legitimate,
12  nonretaliatory explanation for its acts, and (3) the plaintiff show that the defendant's proffered
13  explanation is merely a pretext for the illegal [action]." *Flait v. North American Watch Corp.*, 3
14  Cal. App. 4th 467, 476 (1992).  In order to establish a prima facie case of retaliation, the
15  plaintiff must show that (1) he engaged in a protected activity, (2) his employer subjected him
16  to adverse employment action, and (3) there is a causal link between the protected activity and
17  the employer's action. *Id.; see also Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453
18  (2002) (same).

19         Plaintiff maintains that he engaged in protected activity when he filed numerous EEOC
20  charges.  (*See* Opp. Br. at 21.)  Plaintiff argues that he engaged in protected activity on August
21  8, 2005, October 14, 2005, February 11, 2006, March 26, 2006, and on June 20, 2006.  (*See id.*)
22  Only four of those dates relate to requests for EEO counseling and the formal EEO complaints
23  that form the basis of this action.  It is unclear how Plaintiff can allege that he was retaliated
24  against for the filing of the very complaints that form the basis of this action rather than for
25  retaliation he endured as a result of filing an earlier complaint.  In addition, although Plaintiff
26  argues in his opposition that Defendant's "motion to dismiss ... must, at this stage of the
27  proceedings, be denied," Defendant has filed a motion for summary judgment and Plaintiff has
28  failed to establish a prima facie case of retaliation.  (Opp. Br. at 21.)  There is no evidence in the

10

record demonstrating that Defendant engaged in any of the challenged conduct as a consequence of Plaintiff exercising his rights to file any of the EEO complaints, in the past or underlying the current complaint.

However, even if Plaintiff were able to make out a prima facie case of retaliation, the Court finds that Defendant has articulated a legitimate, nonretaliatory explanation for its conduct, and Plaintiff cannot show that Defendant's proffered explanation is merely a pretext for illegal action. Defendant has articulated a legitimate basis for its actions toward Plaintiff with reference to the same conduct underlying Plaintiff's race discrimination claim. Plaintiff has failed to demonstrate that Defendant's proffered reasons here are a mere pretext for unlawful discriminatory or retaliatory motive for the same reasons he has failed to so demonstrate for his claims of race or national origin discrimination. Therefore, the Court grants summary judgment on Plaintiff's second cause of action for retaliation.

**D.      Plaintiff's Claims for Age Discrimination Does Not Survive Summary Judgment.**

Plaintiff also brings a claim for age discrimination. The Age Discrimination in Employment Act ("ADEA") prohibits "arbitrary age discrimination in employment." 29 U.S.C. § 621(b). The ADEA makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual [who is at least 40 years of age] ... because of such individual's age." *Id.* at §§ 623(a), 631(a). To succeed on his claim, Plaintiff must demonstrate that age actually motivated Defendant's conduct. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000).

Plaintiff again bears the initial burden of establishing a prima facie case of discrimination. If he establishes a *prima facie* case, the burden then shifts to Defendant to articulate a legitimate nondiscriminatory reason for its employment decisions. Then, in order to prevail, Plaintiff must demonstrate that Defendant's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory. *See Schnidrig v. Columbia Machine, Inc.*, 80 F.3d 1406, 1409 (9th Cir. 1996) (citation omitted). Plaintiff may establish a *prima facie* case either by direct evidence of discriminatory intent or by circumstantial evidence demonstrating she was "(1) a member of the protected class (age 40-70); (2) performing [his]

11

job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications." *See Schnidrig*, 80 F.3d at 1410; *see also Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1997).

Plaintiff asserts that Defendant discriminated against him because of his age, but does not base the assertion on any particular incident relating to his age. In fact, Plaintiff fails even to address his claim for age discrimination in his opposition, thereby abandoning the claim. *See Jenkins*, 398 F.3d at 1095 n.4; *see also Foster*, 392 F. Supp. 2d at 1147 n.7 (failure to address a claim in opposition to a motion for summary judgment may constitute a waiver of that claim).[4]

Again, however, even assuming Plaintiff has made out a prima facie case of age discrimination, Defendant has identified legitimate business reasons for its conduct.

The burden then shifts to Plaintiff to demonstrate that the reason for conduct aimed at him was a pretext for another, discriminatory motive. Plaintiff has failed to allege any facts tending to demonstrate that Defendant acted on the basis on Plaintiff's age.

Having failed to raise a disputed fact demonstrating that Defendant's articulated reason for termination is pretextual, either directly or indirectly, the Court GRANTS summary judgment on Plaintiff's claims for discrimination based on age.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

Dated: April 20, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff briefly mentions in his declaration in support of his opposition to the pending motion for summary judgment that he "felt that age discrimination was at the root of why [he] received the [poor] performance rating and because of innuendos about retiring and similar comments made by my supervisor." (Phelps Decl. at ¶ 15.) However, Plaintiff fails to put into evidence any such comments and, regardless, the Court finds that any such isolated comment constituted a mere stray remark. *See Mondero*, 400 F.3d at 1213; *see also Merrick,* 892 F.2d at 1438-39.